UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ROBERT J. MARIN,

Plaintiff,

v.

J. VANG, et al.,

Defendants.

No.  1:25-cv-01820-SAB (PC)

ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION

FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF ACTION

(ECF No. 10)

Plaintiff is proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

**I.**

**BACKGROUND**

On December 16, 2025, the Court screened Plaintiff complaint, found no cognizable claims, and granted Plaintiff the opportunity to amend the complaint.  (ECF No. 7.)  Plaintiff failed to file an amended complaint or otherwise communicated with the Court.  Therefore, on January 27, 2026, the Court ordered Plaintiff to show why the action should not be dismissed.  (ECF No. 10.)  Plaintiff has failed to respond to the order to show cause and the time to do so has passed.  Thus, the operative complaint before the Court is the initial complaint, which as explained below, fails to state a cognizable claim for relief and dismissal of the action is warranted.

**II.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  The

1

Court  must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B); see also 28 U.S.C. § 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding *pro se* in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor.  Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**III.**

**COMPLAINT ALLEGATIONS**

The Court accepts Plaintiff's allegations in the complaint as true *only* for the purpose of the *sua sponte* screening requirement under 28 U.S.C. § 1915.

On February 17, 2024, Plaintiff was charged with violating California Code of Regulations, Title 15, section 3007, sexual behavior during a visit with his then-wife.  The accusations made against Plaintiff by correctional officer J. Vang were false and unsubstantiated.  Plaintiff has a right under the First Amendment to maintain family relations and the deprivation of permanent and long-term denial of visitation can constitute cruel and unusual punishment.  As

a result of officer Vang's accusations, the relationship between Plaintiff and his wife deteriorated because she felt violated in being accused of such action in a public setting.  Plaintiff was left to suffer mental anguish.

## IV.

## DISCUSSION

### A.      Linkage Requirement

Section 1983 provides a cause of action for the violation of constitutional or other federal rights by persons acting under color of state law. See 42 U.S.C. § 1983. To state a claim under section 1983, a plaintiff must show a causal connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. See Rizzo v. Goode, 423 U.S. 362, 373-75 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legal required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted).

Although Plaintiff names correctional officer Villanueva as a Defendant, he fails to link any affirmative action or omission giving rise to an alleged constitutional violation.

### B.      Due Process

The Fourteenth Amendment provides that "[n]o state shall ... deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. "The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." Bd. of Regents v. Roth, 408 U.S. 564, 569 (1972). "To state a procedural due process claim, [a plaintiff] must allege '(1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; [and] (3) lack of process.' " Wright v. Riveland, 219 F.3d 905, 913 (9th Cir. 2000) (quoting Portman v. Cnty. of Santa Clara, 995 F.2d 898, 904 (9th Cir. 1993)).

A prisoner is entitled to certain due process protections when he is charged with a disciplinary violation. Serrano v. Francis, 345 F.3d 1071, 1077 (9th Cir. 2003) (citing Wolff v.

3

McDonnell, 418 U.S. 539, 564-571 (1974) ). "Such protections include the rights to call witnesses, to present documentary evidence and to have a written statement by the fact-finder as to the evidence relied upon and the reasons for the disciplinary action taken." Id. These procedural protections, however, "adhere only when the disciplinary action implicates a protected liberty interest in some 'unexpected matter' or imposes an 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.' " Id. (quoting Sandin v. Conner, 515 U.S. 472, 484 (1995) ); Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003).

Although the level of the hardship must be determined on a case-by-case basis, and "[i]n Sandin's wake the Courts of Appeals have not reached consistent conclusions for identifying the baseline from which to measure what is atypical and significant in any particular prison system," Wilkinson v. Austin, 545 U.S. 209, 223 (2005), courts in the Ninth Circuit look to:

> 1) whether the challenged condition 'mirrored those conditions imposed upon inmates in administrative segregation and protective custody,' and thus comported with the prison's discretionary authority; 2) the duration of the condition, and the degree of restraint imposed; and 3) whether the state's action will invariably affect the duration of the prisoner's sentence.

Ramirez, 334 F.3d at 861 (quoting Sandin, 515 U.S. at 486-87); see also Chappell v. Mandeville, 706 F.3d 1052, 1064-65 (9th Cir. 2013). Only if the prisoner alleges facts sufficient to show a protected liberty interest must courts next consider "whether the procedures used to deprive that liberty satisfied Due Process." Ramirez, 334 F.3d at 860.

Insofar as Plaintiff claims a false disciplinary resulted in deterioration of his relationship with his former wife, his allegations fail to state a plausible due process claim. Iqbal, 556 U.S. at 678. First, The filing of a false report by a prison official against a prisoner is not, by itself, a violation of the prisoner's constitutional rights. See Freeman v. Rideout, 808 F.2d 949, 951 (2nd Cir. 1986) (the filing of a false disciplinary charge against a prisoner is not actionable under § 1983 if prison officials provide the prisoner with procedural due process protections); Hanrahan v. Lane, 747 F.2d 1137, 1140-41 (7th Cir. 1984) (same); Harper v. Costa, No. CIV S–07–2149 LKK DAD P, 2009 WL 1684599, at *2-3 (E.D. Cal., June 16, 2009), aff'd, 393 Fed. Appx. 488 (9th Cir. 2010) ("district courts throughout California ... have determined that a prisoner's

allegation that prison officials issued a false disciplinary charge against him fails to state a cognizable claim for relief under § 1983").

Second, Plaintiff's due process claims against Vang require sua sponte dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1) because he fails to allege facts sufficient to show that the deprivations he suffered as a result of his disciplinary conviction, i.e., lost visitation privileges or marital relationship, imposed the type of "atypical and significant hardship" required by Sandin to invoke a liberty interest entitled to Wolff's procedural safeguards. The Supreme Court has expressly held that the loss of visitation privileges for a limited duration is simply "within the range of confinement to be normally expected for one serving [an indeterminate sentence]," and therefore, not "atypical." Overton v. Bazzetta, 539 U.S. 126, 137 (2003) (finding prisoner's 2-year loss of visitation privileges as the result of substance abuse violations did not violate due process because it was "not a dramatic departure from accepted standards for conditions of confinement.") (citing Sandin, 515 U.S. at 485, 487); Davis v. Small, 595 Fed. App'x 689, 691-92 (9th Cir. 2014); Higdon v. Ryan, 2014 WL 1827156, at *5 (D. Ariz. 2014) (noting that the "loss of contact visitation cannot form the basis for an independent due process violation," and dismissing claims that the denial of contact visitation was a "significant and atypical hardship" under Sandin); Armenta v. Paramo, et al., No. 3:16-CV-02931-BTM-KSC, 2018 WL 4612662, at *7 (S.D. Cal. Sept. 25, 2018) (finding that a disciplinary conviction resulting in, among other things, a 180-day loss of visitation privileges, insufficient to show the "atypical" or "significant hardship" required under Sandin). Accordingly, Plaintiff fails to state a cognizable claim for relief.

**C.    Eighth Amendment – Cruel and Unusual Punishment**

To state an Eighth Amendment claim based on a deprivation of humane conditions of confinement, Plaintiff must allege facts sufficient to satisfy two requirements. Farmer v. Brennan, 511 U.S. 825, 834 (1994); Iqbal, 556 U.S. at 678. "First, the deprivation alleged must be, objectively, 'sufficiently serious.' " Id. (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991) ); see also Peralta v. Dillard, 744 F.3d 1076, 1091 (9th Cir. 2014). Prison conditions are not objectively serious unless they amount to "unquestioned and serious deprivations of basic human needs," or

5

of the "minimal civilized measure of life's necessities." Rhodes v. Chapman, 452 U.S. 337, 347 (1981); Wilson, 501 U.S. at 298-300; Grenning v. Miller-Stout, 739 F.3d 1235, 1238 (9th Cir. 2014) (citation omitted). "After incarceration, only the unnecessary and wanton infliction of pain ... constitutes cruel and unusual punishment forbidden by the Eighth Amendment." Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012) (citing Whitley v. Albers, 475 U.S. 312, 319 (1986)) (internal quotations omitted). "[A]mong unnecessary and wanton inflictions of pain are those that are totally without penological justification." Hope v. Pelzer, 536 U.S. 730, 737 (2002) (internal quotations and citations omitted).

Second, Plaintiff must allege "sufficient factual matter" to demonstrate that Defendant Vang acted with a sufficiently culpable state of mind, that of "deliberate indifference." Iqbal, 556 U.S. at 678; Wilson, 501 U.S. at 303; Peralta, 744 F.3d at 1091. A prison official acts with deliberate indifference if he "knows of and disregards an excessive risk to the prisoner's health and safety." Farmer, 511 U.S. at 837. In other words, the prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists [to the prisoner], and [the prison official] must also draw the inference." Id.

Plaintiff alleges that the suspension of visitation privileges and deterioration of his relationship with his wife constituted "cruel and unusual punishment." ECF No. 1 at 3. However, a simple "label and conclusion" is insufficient to state a plausible claim for relief under Iqbal, 556 U.S. at 678 (citation omitted). And the withdrawal or suspension of a privilege, as opposed to the deprivation of a "basic human need," like food, clothing, shelter, medical care, or personal safety, see Rhodes, 452 U.S. at 347; Farmer, 511 U.S. at 833, is not generally "sufficiently grave to form the [objectively serious] basis of an Eighth Amendment violation." Wilson, 501 U.S. at 298; Overton, 539 U.S. at 136 (finding that while a 2-year visitation restriction based on in-prison substance abuse violations "undoubtedly makes the prisoner's confinement more difficult to bear, … [ ] it does not … fall below the standards mandated by the Eighth Amendment."); Cooper v. Garcia, 55 F.Supp.2d 1090, 1099 (S.D. Cal. 1999) ("[D]enial of family visitation privileges does not constitute cruel and unusual punishment."); Dunn v. Castro, 621 F.3d 1196, 1202-03 (9th Cir. 2010) (finding no clearly established First, Eighth, or

6

Fourteenth Amendment right to visitation) (citing cases); Armenta, 2018 WL 4612662, at *11 (180 days in lost visitation privileges found insufficient to state an Eighth Amendment claim). Accordingly, Plaintiff fails to state a cognizable claim for relief.

## V.

## ORDER AND RECOMMENDATION

Based on the foregoing, it is HEREBY ORDERED that the Clerk of Court shall randomly assign a District Judge to this action.

Further, it is HEREBY RECOMMENDED that this action be dismissed for failure to state a cognizable claim for relief.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court, limited to 15 pages in length, including exhibits.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **February 20, 2026**    _____

STANLEY A. BOONE
United States Magistrate Judge

7