UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT J. MARIN,<br><br>　　　　　　Plaintiff,<br><br>　　　v.<br><br>J. VANG, et al.,<br><br>　　　　　　Defendants. | No.  1:25-cv-01820-JLT-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>(ECF No. 18) |

Plaintiff is proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

**I.**

**BACKGROUND**

Plaintiff filed the instant action on December 11, 2025.  (ECF No. 1.)  On December 16, 2025, the Court screened Plaintiff complaint, found no cognizable claims, and granted Plaintiff the opportunity to amend the complaint.  (ECF No. 7.)  Plaintiff failed to file an amended complaint or otherwise communicated with the Court.  Therefore, on January 27, 2026, the Court ordered Plaintiff to show why the action should not be dismissed.  (ECF No. 10.)  Plaintiff failed to respond to the order to show cause, and Findings and Recommendations recommending dismissal of the action were issued on February 20, 2026.  (ECF No. 12.)

1

Thereafter, on March 4, 2026, Plaintiff filed a motion for an extension of time to respond to the Court's orders. (ECF No. 13.) On March 5, 2026, the Court granted Plaintiff's request and ordered him to file an amended complaint within thirty days. (ECF No. 14.)

On April 8, 2026, Plaintiff filed a first amended complaint. (ECF No. 15.) In light of the filing of the first amended complaint, the Court vacated the Findings and Recommendations on April 9, 2026. (ECF No. 16.)

Then, on April 14, 2026, the Court screened Plaintiff's first amended complaint, again found no cognizable claims, and granted Plaintiff one additional opportunity to amend the complaint. (ECF No. 17.) Plaintiff failed to file a second amended complaint or otherwise respond to the Court's order. On May 27, 2026, the Court ordered Plaintiff to show cause why action should not be dismissed. (ECF No. 18.) Plaintiff has failed to respond to the order to show cause and the time to do so has passed. Thus, the operative complaint before the Court is the first amended complaint, which as explained below, fails to state a cognizable claim for relief and dismissal of the action is warranted.

## II.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see also 28 U.S.C. § 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930,

934 (9th Cir. 2002).

Prisoners proceeding *pro se* in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor.  Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**III.**

**COMPLAINT ALLEGATIONS**

The Court accepts Plaintiff's allegations in the complaint as true *only* for the purpose of the *sua sponte* screening requirement under 28 U.S.C. § 1915.

On February 17, 2024, Plaintiff was visiting with his then-fiancée, Vanesa.  During visitation, inmates and visitors are to sit in assigned seats.  During visits at different times, both inmates and visitors are allowed to go to the outside patio to stretch their legs for approximately fifteen minutes at a time.

Plaintiff and Vanesa went out to the patio on the break and while outside Plaintiff leaned his back against the fence.  Vanesa stood in front of Plaintiff holding his hands.  After a few minutes, officer Bosque told Plaintiff to "her (Vanesa's) leg is not allowed to touch your leg like that."  Plaintiff said, "ok," and continued the visit.

Later, around 2:00 p.m., Plaintiff and Vanesa returned to their assigned visiting table and continued with their visit.  After thirty minutes of talking the visit ended.

Defendant J. Vang falsely accused Plaintiff and Vanesa of sexual activity while on the patio break claiming Vanesa rubbed her knee on Plaintiff's groin area.  It was also alleged that Plaintiff pulled Vanesa's hand to his groin area making physical contact and pulled down his pants revealing his undergarments without revealing any genital.  If any of this happened the visit would have been automatically stopped.

3

When Plaintiff was called to the podium to be notified that his visit was being cancelled, Vanesa stayed at the visiting table where Defendant Villanueva started aggressively threatening her to the point she feared for her safety. Vanesa was told to throw away all the food she had paid for her and Plaintiff to eat. Plaintiff was told to say goodbye to Vanesa.

Defendant Villanueva forcefully put her hands on Vanesa disrespectfully and violently. When Vanesa was escorted out, Defendant Villanueva explained that the visit was terminated for sexual activity. Vanesa demanded to speak with Defendant sergeant A. Dias and requested a citizens complaint form. Defendant Dias told Vanesa that she was suspending her visits for six months without reviewing the video footage.

Plaintiff was escorted out of the visiting into the "strip out room" by Defendant J. Vang. As soon as Vang turned off his camera, he stated "I love to break couples up. It's the best part of my job."

Plaintiff did not know what he was accused of until a week later when he received the Rules Violation Report. Vanesa also did not know the extent of it until she received a letter in the mail from Defendant Dias.

Defendant Dias fabricated a story that Vanesa was "observed rubbing [her] left hand on Inmate Marin's groin area." It was noted that "Audio Video Surveillance was viewed and confirmed the aforementioned."

On March 26, 2024, at 2:33 p.m., Plaintiff had a disciplinary hearing by Defendant E. Williams. As Plaintiff and Williams watched the video evidence, Williams agreed that there was "no activity." Williams stated, I don't know why Vang wrote this up. You are holding hands the whole time, [b]ut from this angle of the video her leg might of bumped yours. So I'm going to find you guilty of a lesser charge of excessive contact. I have to find you guilty of something." Plaintiff was never charged with a lower violation.

Defendant Dias exasperated the write-up by going along with Defendant Vang and the fabricated non-existent charge of sexual activity in visiting. Both Defendants made knowingly false allegations. The video evidence proves the report was fabricated and recklessly false. Defendant Dias stated that she witnessed on video Vanesa "rubbing [her] left hand on (Plaintiff's)

4

groin area."

Defendants tried to label Plaintiff as a sexual deviant involving sexual activity in visiting, especially involving potential exposure around children.  This creates a foreseeable risk of inmate violence.  Defendants knowingly created a false narrative that caused multiple threats to Plaintiff's life "if he was found guilty of sexual misconduct in visiting."  As a consequence of the false Rules Violation Report, Vanesa was banned from visiting which caused them to split. Vanesa was Plaintiff's sole provider of income.

Correctional officers who work in visiting or yard know that anyone who has been convicted of a sex offense, particularly on a child, are victimized (assaulted, stabbed, or killed). "The fabricated claim of Plaintiff pulling his pants down to expose his boxers then putting his hands down his pants very well could of gotten the Plaintiff killed."  When others heard about the Rules Violation Report did not know it was a fabrication by Defendants and threatened Plaintiff's life.

## IV.

## DISCUSSION

### A.   False Rules Violation Report/Disciplinary Hearing

Prisoners do not have a liberty interest in being free from false accusations of misconduct. The filing of a false Rules Violation Report by a prison official against a prisoner is not a per se violation of the prisoner's constitutional rights. See Muhammad v. Rubia, 2010 WL 1260425, at *3 (N.D. Cal., Mar. 29, 2010) ("[A] prisoner has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest.  As long as a prisoner is afforded procedural due process in the disciplinary hearing, allegations of a fabricated charge fail to state a claim under § 1983.") (citations omitted); Harper v. Costa, 2009 WL 1684599, at *2-3 (E.D. Cal., June 16, 2009) ("Although the Ninth Circuit has not directly addressed this issue in a published opinion, district courts throughout California ... have determined that a prisoner's allegation that prison officials issued a false disciplinary charge against him fails to state a cognizable claim for relief under § 1983."). Plaintiff fails to state a claim for the purportedly false accusations.

The Due Process Clause of the Fourteenth Amendment protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff, 418 U.S. at 556. The minimum procedural requirements that must be met in such proceedings are: (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex. Id. at 563–71. As long as the Wolff requirements are met, due process has been satisfied. Walker v. Sumner, 14 F.3d 1415, 1420 (9th Cir. 1994), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995). In addition, "some evidence" must support the decision of the hearing officer, Superintendent v. Hill, 472 U.S. 445, 455 (1985), and the evidence must have some indicia of reliability, Cato v. Rushen, 824 F.2d 703, 705 (9th Cir. 1987). The "some evidence" standard is not particularly stringent, and the relevant inquiry is whether "there is any evidence in the record that could support the conclusion reached...." Hill, 472 U.S. at 455–56 (emphasis added).

Here, Plaintiff does not provide sufficient factual support that his disciplinary hearing did not comply with the Wolff elements. Plaintiff complains that the video evidence contradicts any finding that he engaged in sexual activity or that he had excessive contact with Vanesa. However, there is no due process violation where the hearing officer failed to believe certain evidence or chose to believe other evidence. Plaintiff's conclusory allegation that the Rules Violation Report is false and contradictory to the video evidence does not demonstrate that there was insufficient evidence in the record to support the disciplinary finding. Indeed, it is clear from the first amended complaint and attachments that the hearing officer viewed the video evidence and reduced the violation from sexual activity to excessive contact. Accordingly, Plaintiff has failed to allege that Plaintiff was not provided Due Process as required by the Wolff elements.

6

In addition, any due process claim may be barred from review by way of section 1983. It has long been established that state prisoners cannot challenge the fact or duration of their confinement in a § 1983 action and their sole remedy lies in habeas corpus relief. Wilkinson v. Dotson, 544 U.S. 74, 78 (2005). Often referred to as the favorable termination rule or the Heck bar, this exception to § 1983's otherwise broad scope applies whenever state prisoners "seek to invalidate the duration of their confinement-either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody." Wilkinson, 544 U.S. at 81; Heck v. Humphrey, 512 U.S. 477, 482, 486–87 (1994); Edwards v. Balisok, 520 U.S. 641, 644 (1997). Thus, "a state prisoner's [section] 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson, 544 U.S. at 81–82.

Here, Plaintiff alleges that he was subjected to a prison disciplinary proceeding that was based on a false Rules Violation Report without some evidence, resulting in the loss of good time credits. A judgment in favor of Plaintiff on his due process claims will necessarily imply the invalidity of the disciplinary action, and Plaintiff has not demonstrated that the disciplinary action has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." See, e.g., Cox v. Clark, 321 Fed. Appx. 673, 676 (9th Cir. 2009) (affirming dismissal of due process claim pursuant to Balisok to the extent that plaintiff sought restoration of good-time credits and the reversal of a disciplinary decision); McCoy v. Spidle, No. 1:07-cv-198-DCB, 2009 WL 1287872, at *7 (E.D. Cal. May 6, 2009) ("A challenge under section 1983, seeking only damages and declaratory relief for procedural due process violations is also barred if the nature of the challenge would necessarily imply the invalidity of the deprivation of good-time credits."). Therefore, Plaintiff's due process claims regarding the false Rules Violation Report and lack of some evidence to support the disciplinary finding may be barred by Heck. Compare Edwards, 520 U.S. at 646 (holding that § 1983 claim is not cognizable

7

because allegations of procedural defects and a biased hearing officer implied the invalidity of the underlying prison disciplinary sanction of loss of good-time credits) with Ramirez v. Galaza, 334 F.3d 850, 858 (9th. Cir. 2003) (holding that the favorable termination rule of Heck and Edwards does not apply to challenges to prison disciplinary hearings where the administrative sanction imposed does not affect the overall length of confinement and, thus, does not go to the heart of habeas).

### B.     Deliberate Indifference to Safety

"[P]rison officials have a duty ... to protect prisoners from violence at the hands of other prisoners." Farmer v. Brennan, 511 U.S. 825, 833 (1994) (quotation marks and citations omitted). "[A] prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, 'sufficiently serious'; a prison official's act or omission must result in the denial of 'the minimal civilized measure of life's necessities.' " Id. at 834 (citations omitted). Only extreme deprivations are adequate to satisfy the objective component of an Eighth Amendment claim regarding conditions of confinement. Rish v. Johnson, 131 F.3d 1092, 1096 (9th Cir. 1997). Speculative fear of harm at the hands of other prisoners does not constitute a sufficiently substantial risk of harm to future health and safety. See, e.g., Williams v. Wood, 223 Fed. Appx. 670, 671 (9th Cir. 2007) (citing Farmer, 511 U.S. at 842). Second, " 'only the unnecessary and wanton infliction of pain implicates the Eighth Amendment.' To violate the Cruel and Unusual Punishments Clause, a prison official must have a 'sufficiently culpable state of mind,' " "one of 'deliberate indifference' to inmate health or safety." Id. (citations omitted).

First, it is clear that Plaintiff was in fact attacked by other prisoners or exposed to any other real, non-speculative harm.  Plaintiff merely alleges in conclusory terms that Defendants tried to label him as a sexual deviant involving sexual activity in visiting, involving potential exposure around children, which could lead to him being physically harmed.  However, these conclusory allegations are insufficient to reasonably infer that Plaintiff was exposed to a sufficiently substantial risk of harm.  Furthermore, Plaintiff's allegations do not establish that any of the defendants were deliberately indifferent to his safety. Plaintiff does not allege that other

inmates knew of the alleged violation or that any Defendant told other inmates about the alleged violation.  See Valdez v. Marques, No. 21-cv-1500 MMA (RBM), 2021 WL 4690511, at *3-4 (S.D. Cal. Oct. 7, 2021) (collecting cases that have found an Eighth Amendment claim where a defendant has identified an inmate as a sex offender in front of other inmates for the purpose of putting him at risk of assault).  Therefore, Plaintiff's allegation that he feared being attacked as a result of Defendants' accusations is entirely speculative.  Moreover, a prisoner seeking damages must allege that the risk materialized and caused him physical injury." Rodrigues v. Norwood, No. EDCV 10-629-R (MAN), 2010 WL 2740174, at *3 (C.D. Cal. July 9, 2010) (citing 42 U.S.C. § 1997e(e)'s physical-injury requirement and Babcock v. White, 102 F.3d 267, 272 (7th Cir. 1996)); see also Grimes v. Pfiel, No. CV 05-2843 PA (PJW), 2011 WL 13140721, at *1 (C.D. Cal. May 31, 2011) ("Where a risk has not materialized, such that a prisoner has suffered no injury from the alleged risk, a 'sufficiently serious' condition does not exist to support a claim for violation of the Eighth Amendment.").  Accordingly, because the alleged threat to Plaintiff's safety never materialized, Plaintiff cannot establish a "sufficiently serious" condition existed that would support a claim for deliberate indifference.

**V.**

**RECOMMENDATION**

Based on the foregoing, it is HEREBY ORDERED that the instant action be dismissed for failure to state a cognizable claim for relief.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court, limited to 15 pages in length, including exhibits.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."   Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **June 22, 2026**

STANLEY A. BOONE
United States Magistrate Judge